FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 DEC 29 PM 4: 27

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )
vs.                              )       Cr. No. <u>05-20308 B/P</u>
                                 )
PATRICK D. MAXWELL,              )
                                 )
        Defendant.               )
                                 )

### ORDER DENYING DEFENDANT'S PRE-TRIAL MOTIONS

Before the court are the following motions filed by defendant Patrick D. Maxwell on October 28, 2005: Motion for Evidentiary Hearing and to Require Disclosure of Intention to Introduce Proof of "Like and Similar Conduct" and/or Prior Convictions or Specific Instances of Conduct (dkt #39); Motion for Pre-Trial Production of Jencks' Act Statements (dkt #40); and Motion for an Order Compelling United States Attorney and all Government Agents (State or Federal) to Preserve all Notes (dkt #41). The government filed a consolidated response to Maxwell's motions on October 31. On October 31, the district court referred the motions to the Magistrate Judge for determination. For the reasons below, Maxwell's motions are DENIED.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on  12-30-05



## ANALYSIS

A. **Motion for Evidentiary Hearing and to Require Disclosure of Intention to Introduce Proof of "Like and Similar Conduct" and/or Prior Convictions or Specific Instances of Conduct**

Maxwell asks this court to require the government to state whether it plans to introduce any evidence of "like or similar conduct" and proof of prior criminal convictions. Federal Rule of Evidence 404(b) requires the prosecution in a criminal case to "provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." In its consolidated response to Maxwell's motion, the government represents to the court that it is aware of its obligations under Rule 404(b) and will "provide reasonable notice to the defendant of its intention to use evidence of other crimes, wrongs or acts pursuant to Rule 404(b)." (Pl.'s Mem. at 3). This response is sufficient, and the court considers Maxwell's motion with respect to this particular request moot. Maxwell further asks the court to hold a pre-trial evidentiary hearing to determine whether the probative value of this evidence is substantially outweighed by its prejudicial effect. Because Maxwell has not demonstrated that such a hearing is warranted, and the government "is not presently aware of any evidence within the meaning of Rule 404(b) that it would seek to introduce against the defendant," Maxwell's motion with respect to this particular request is DENIED.

B.  **Motion for Pre-Trial Production of Jenck's Act Materials**

Maxwell moves for early production of the government witnesses' statements. He claims that early production of these statements will allow for a more efficient trial. Both the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2, however, require production of a witness statement only after the witness has testified on direct examination. The Sixth Circuit has repeatedly held that "the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 884 F.2d 1275, 1283 (6th Cir. 1988); accord United States v. Mullis, 22 F.3d 1365, 1372 (6th Cir. 1994); United States v. Curtis, No. 91-5189, 1991 WL 270820, at *1 (6th Cir. Dec. 19, 1991) (unpublished); United States v. Algie, 667 F.2d 569, 571 (6th Cir. 1982). Therefore, Maxwell's Motion for Pre-Trial Production of Jenck's Act Materials is DENIED.

C.  **Motion for an Order Compelling United States Attorney and All Government Agents to Preserve All Notes**

Maxwell asks the court to require the United States Attorney to direct all agents who have participated in the investigation against Maxwell to preserve all notes so that they will be available for possible pre-trial discovery. In response, the government acknowledges that all notes with respect to trial witnesses have been and will continue to be preserved. The government, however, does oppose the production of reports by a government agent detailing a witness interview. The Sixth Circuit

-3-

has held that government reports of a witness's statement are only discoverable if "the notes from the interview were read back to and verified by the witness and if the report summarized the notes without material variation." United States v. Medina, 992 F.2d 573, 580 (6th Cir. 1993) (citing United States v. Padin, 787 F.2d 1071, 1077-78 (6th Cir. 1986)); see also United States v. Newman, 849 F.2d 156, 160 (5th Cir.1988). As the government warrants that no such adoption of notes took place with respect to any of the interviews of non-defendant witnesses, the agents' reports of these interviews are not discoverable. Maxwell's motion with respect to this particular request, therefore, is DENIED.

Further, the government represents that, with respect to interviews with Maxwell, disclosure of all written materials in existence has been made. This part of Maxwell's motion is likewise DENIED.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

December 29, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 60 in case 2:05-CR-20308 was distributed by fax, mail, or direct printing on December 30, 2005 to the parties listed.

---

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Mark Saripkin
LAW OFFICE OF MARK SARIPKIN
140 N. Third St.
Memphis, TN 38103

Michael Edwin Scholl
THE SCHOLL LAW FIRM
8 S. Third St., 4th Floor
Fourth Floor
Memphis, TN 38103--238

Harold D. Archibald
ARCHIBALD & HALMON
22 North Front Street
Ste. 790
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT